## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

Mary Garabedian,

                          Plaintiff,            **CASE NO.:**  1:23-cv-1619 (FJS/DJS)

v.

Freedom Mortgage Corporation                **JURY TRIAL DEMANDED**

                          Defendant(s).

## COMPLAINT

Plaintiff, **Mary Garabedian** (Ms. Garabedian), on her own behalf, by and through undersigned counsel, sues Defendant(s) **Freedom Mortgage Corporation** (FMC), and alleges the following based upon her personal knowledge as to the allegations, and otherwise upon information and belief:

### INTRODUCTION

1.      Ms. Garabedian seeks to enforce the remedial and statutory rights and protections afforded to her, which have been unfairly, unconscionably, and recklessly disregarded by FMC. Many of these protections arise after numerous complaints to FMC's regulators, including the Consumer Financial Protection Bureau (*i.e.*, CFPB) and Ms. Garabedian's complaints and notices of error to FMC itself.

2.      She is a disabled, widowed homeowner who is acting against a mortgage servicing company, FMC in this case, seeking a proper accounting of her

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

mortgage, actual damages, statutory damages, and declaratory relief under the Real Estate Settlement Procedures Act (*i.e.*, RESPA), the Fair Debt Collection Practices Act (*i.e.*, FDCPA), the New York State Consumer Protection Act (*i.e.*, GBL § 349), the New Jersey Consumer Fraud Act (*i.e.*, CFA), and other common law claims.

3.      In **2016**, the CFPB enacted regulations that were effective before the events subject to this action (including amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 FR 72160 – 01). FMC also has a duty of good faith and fair dealing pursuant to its license under Banking Law § 6-k, Real Property Tax Law (*i.e.*, RPTL) §§ 952 – 959, 3 NYCRR § 419.1 *et seq*, which require FMC to comply with Regulations X and Z.

## PARTIES

4.      Mary Garabedian is a resident of Albany County, New York. She is the owner of real property commonly known as 51 Jared Court, Cohoes, New York 12047 (*i.e.*, the subject property). Ms. Garabedian is a consumer entitled to the protections of the New York State Consumer Protection Act and the New Jersey Consumer Fraud Act. She is a borrower entitled to the protections of RESPA and Regulation X as they relate to FMC and the issues raised in this action.

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

5.   Freedom Mortgage Corporation (FMC) is a New Jersey – domiciled corporation with its principal offices at 951 Yamato Road, Suite 175, Boca Raton, Florida 33431 and other offices in New Jersey at which servicing activities of accounts is believed to occur.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over Mary Garabedian's claims under 28 U.S.C. § 1331 because at least some of those claims arise under the laws of the United States.

7.   This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of at least two (2) different States and the amount in controversy exceeds $75,000.00.

8.   This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because Ms. Garabedian raises New York State and New Jersey state law claims arising from the same facts giving rise to this cause of action as her Federal law claims.

9.   This Court has jurisdiction over Ms. Garabedian's claims against the Defendant under NYS Civil Practice Law & Rules Section (*i.e.*, CPLR §) 302(a) because the Defendant transacts business, performs work, or provides services in New York State and Albany County. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 – 65 (2d Cir. 2010).

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

10.    This Court also has competent jurisdiction over Ms. Garabedian's claims against

the Defendant under New Jersey law because at least some, if not all, the acts

complained of in this action also occurred in New Jersey. *See*, N.J. Stat. Ann. §

58:8-19; *Schatz v. Cellco P'ship*, 842 F. Supp. 2d 594, 608-09 (S.D.N.Y. 2012); *see*

*generally*, *Almanzar v. Select Portfolio Servicing, Inc.*, No. 14-CIV-22586-MORENO,

pp. 6-7 (S.D. Fla., Mar. 24, 2015), *Peterson v BASF Corp.*, 657 NW2d 853, 863

(Minn. Ct. App. 2003), *aff'd* 675 N.W.2d 57 (Minn. 2004), *vacated on other grounds*,

544 U.S. 1012, 125 S. Ct. 1968 (2005), *aff'd* 711 N.W.2d 470, 472 (Minn. 2006).

11.    This Court is the proper venue for this action because the facts giving rise to this

cause of action occurred within this District.

## FACTUAL ALLEGATIONS

12.    Ms. Garabedian restates and realleges the paragraphs set forth *supra*, and

incorporate them by reference, as if set forth fully herein.

### THE MORTGAGE CRISIS

13.    Over the past sixteen (16) years, New York State and the United States have been

experiencing a foreclosure crisis. News reports have established that one (1) in

ten (10) American homes was at risk of foreclosure at one time or another.

Congress and the New York State legislature responded to this crisis and the

factors causing it by enacting several new statutes designed to protect consumers

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

from the vagaries of bad actors in the mortgage lending and servicing process, including FMC.

14.    These and more recent protections, especially those born from the COVID – 19 pandemic, are important to protect communities and the *in rem* judicial foreclosure process in New York State. These protections are also important to offer security to people such as Ms. Garabedian. Many of these protections call for strict adherence to certain mortgage servicing practices subject to this action.

15.    This case also involves a new industry that has entered into the consumer debt collection field since the 2008 financial crisis began – non – bank mortgage actors like FMC. Multiple public interest and media organizations have reported irregularities in this new industry and its non  -bank collectors, including, for example:

    a.    The New York Times has reported:

       "Private equity and hedge fund firms have bought more than 100,000 troubled mortgages at a discount from banks and federal housing agencies, emerging as aggressive liquidators for the remains of the mortgage crisis that erupted nearly a decade ago. As the housing market nationwide recovers, this is a dark corner from which banks, stung by hefty penalties for bungling mortgage modifications and foreclosures, have retreated. Federal housing officials, for the most part, have welcomed the new financial players as being nimbler and more creative than banks with terms for delinquent borrowers. But now the firms are drawing fire. Housing advocates and lawyers for borrowers contend that the private equity firms and hedge funds are too quick to push homes into foreclosure and are even less helpful than the banks had been in negotiating loan modifications with

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

borrowers. Federal and state lawmakers are taking up the issue, questioning why federal agencies are selling loans at a discount of as much as 30 percent to such firms."

Matthew Goldstein, *As Banks Retreat, Private Equity Rushes to Buy Troubled Home Mortgages*, NY TIMES (Sept. 28, 2015) (available at http://www.nytimes.com/2015/09/29/business/dealbook/as-banks-retreat-private-equity-rushes-to-buy-troubled-home-mortgages.html) (last visited on **November 4, 2023**).

b.  The National Consumer Law Center (NCLC) reports:

"In New York, [HUD's Distressed Asset Stabilization Program] has also impeded mediations that could have improved the performance of FHA loans. For example, Brooklyn homeowner Paulette Morrison was participating in the New York foreclosure conference program in 2014. She repeatedly submitted documents to Bank of America for years without getting a decision on her eligibility for an FHA modification. Without notice to her, Bank of America sold her mortgage loan through DASP. Rushmore, as servicer for the DASP buyer, then appeared for settlement conferences and would not consider a loan modification unless Ms. Morrison first made an up – front payment equal to 25% of the overdue payments and fees. This outlandishly high payment was well beyond anything she could afford. Had her loan remained FHA insured, Ms. Morrison would never have faced such an unreasonable barrier to a modification. Servicers of FHA loans may not demand upfront payments to begin a modification."

Geoff Walsh, *Opportunity Denied: How HUD's Note Sale Program Deprives Homeowners of the Basic Benefits of Their Government – Insured Loans*, 17, NAT'L CONSUMER LAW CENTER (May 2016) (available online at https://www.nclc.org/wp-content/uploads/2022/10/opportunity-denied-report.pdf) (last visited on **November 4, 2023**).

c.  The Center for Popular Democracy reports:

"Nearly eight years after the start of the global financial crisis, hedge funds and private equity firms have found yet another way to make big profits: distressed housing assets. Often, the very same corporate actors

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

that precipitated the housing crash in the first place are buying and selling off delinquent mortgages and vacant houses that are a product of the crash. Together, these Wall Street entities have raised over $20 billion to buy the notes for as many as 200,000 homes in the United States. The newly consolidated single – family rental market is a lucrative business. A 2014 study estimated that the four largest holders of these assets have seen as much as a 23 percent rate of return on the properties they purchased in the last three years." (footnote omitted).

CTR. FOR POPULAR DEMOCRACY, *Do Hedge Funds Make Good Neighbors? How Fannie Mae, Freddie Mac & HUD are Selling Off Our Neighborhoods to Wall Street*, (June 2015) (available at https://populardemocracy.org/sites/default/files/Housing-report_web-final.pdf) last visited on **November 4, 2023**).

16.    FMC is authorized to do business in New York State (*i.e.*, NYS) and in this federal court district as a Foreign Business Corporation. Its NYS Department of State Identification (*i.e.*, DOS ID) is **1717718**.

17.    FMC is the servicing agent for the holder of Ms. Garabedian's mortgage.

18.    Upon information and belief, Home Point Financial Corporation (Home Point) is the holder of Ms. Garabedian's mortgage, as of on or about **July 2, 2021**.

19.    FMC regularly conducted business in New York State at all times material to this action.

20.    FMC is the "servicer" of Ms. Garabedian's "federally related mortgage loan" as the Real Estate Settlement Procedures Act (*i.e.*, RESPA) defines those terms in 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2).

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

21.     FMC is also a "debt collector" of Ms. Garabedian's "debt" as the Fair Debt

        Collection Practices Act (*i.e.*, FDCPA) defines those terms in 15 U.S.C. § 1692a.

        FMC is a person who is required to comply with the New York State Consumer

        Protection Act subject to this action.

22.     FMC also acts as a collector on others' behalf, including Home Point.

23.     Upon information and belief, FMC is a New York State – licensed mortgage

        servicer/lender.

24.     FMC is a mortgage servicer/lender subject to Banking Law § 6-k, Real Property

        Tax Law (*i.e.*, RPTL) §§ 952 – 959, 3 NYCRR § 419.1 *et seq.*

25.     FMC is a mortgage servicer subject to the requirements of 12 U.S.C.A. § 2605 and

        Regulation X as they relate to Ms. Garabedian.

26.     FMC is vicariously liable for the acts and omissions of its vendors who

        participated in the transactions subject to this action.

27.     FMC is also a national mortgage servicer which knows the law and concentrates

        a material portion of its business practices on the collection of consumer

        mortgage debts such as Ms. Garabedian's, the subject of this action.

28.     Upon information and belief, at least some, if not all, of the acts complained of in

        this action occurred in New Jersey.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT:  (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

29.     On or after **July 2, 2021**, FMC assumed responsibility as the servicing agent for Ms. Garabedian's mortgage holder, Home Point.

30.     FMC acted as the collector and mortgage servicer on the Home Point loan described above at all times relevant and material to this action.

31.     Also, Ms. Garabedian borrowed the sums of money related to the BSNB loan, which became the Home Point loan, for personal, non – commercial purposes related to the subject property, which is Ms. Garabedian's primary residence.

32.     On or about **November 16, 2022**, Ms. Garabedian received a letter from FMC notifying her she had an annual escrow **shortage** of $5,078.84, increasing her monthly escrow payment to $535.39 over the next twelve (12) months from $341.04, a fifty – seven percent (57%) increase, and her total monthly mortgage payment to $1,477.09 from $859.51, a seventy – two percent (72%) increase, effective on January 1, 2023.

33.     That same letter also showed the previous year's projections (for 2022) as $0.00 and $2,844.43 actually paid out.

34.     That same letter also showed a projected town tax of $3,580.30, $714.00 homeowner's insurance premium, and $2,130.43 school tax, or a total of $6,424.73.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

35.   On **December 26, 2022**, Ms. Garabedian telephoned FMC. Upon information and belief, on a telephone call Ms. Garabedian understood was recorded for training and quality purposes, FMC agreed to spread out the allegedly short escrow payments over twenty- four (24) months instead of 12 months.

36.   On **December 31, 2022**, Ms. Garabedian telephoned FMC again. Upon information and belief, on a telephone call Ms. Garabedian understood was recorded for training and quality purposes, an FMC representative who identified himself only as Mark, told Ms. Garabedian she could spread the alleged escrow shortfall out over five (5) years, or sixty (60) months, reducing the total monthly mortgage payment to $1,138.50 from the original $1,477.09, effective **January 1, 2023**. Mark further instructed Ms. Garabedian to put the request to spread the alleged escrow shortfall out over 60 months into an email, which Ms. Garabedian did on **January 1, 2023**.

37.   On **January 1, 2023**, Ms. Garabedian prepared and sent an e – mail to FMC saying that she wanted to pay her property taxes and insurance directly herself rather than to FMC and rely on FMC to make those payments.

38.   On **January 4, 2023**, Ms. Garabedian received an e – mail from FMC responding to her **January 1, 2023** e – mail; the FMC e – mail told Ms. Garabedian that her request to spread the alleged escrow shortfall out over 60 months had been

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

received, had been submitted for review, and processing, which should be completed no later than **January 5, 2023**.

39.    On **January 4, 2023**, Ms. Garabedian received a letter from FMC, which notified Ms. Garabedian FMC could not honor her request to cancel her escrow payments going forward because all taxes due 60 days must be paid beforehand, which FMC claimed they weren't.

40.    Upon information and belief, if these taxes weren't paid, it was because FMC failed to make the payments. FMC reinforced this position by alleging that Ms. Garabedian had failed to timely make her property tax and insurance payments.

41.    On **January 10, 2023**, Ms. Garabedian received an e – mail from FMC notifying her that FMC reviewed her escrow account on **January 9, 2023**, and determined her alleged escrow shortage decreased to $2,701.05 from $5,078.84 because her property taxes decreased, which they did not. FMC further claimed that this alleged escrow shortage decrease caused her total monthly mortgage payment to decrease to $1,091.13.

42.    However, FMC also retracted its previous representation to Ms. Garabedian that she could spread the alleged escrow shortage out over 60 months, reducing the amount to 24 months, which would further decrease her total monthly mortgage payment to $978.59. FMC asked Ms. Garabedian to confirm how long she wanted

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

to spread the alleged escrow shortage out so FMC could update Ms.

Garabedian's account.

43.     Upon information and belief, Ms. Garabedian responded by telephone to this

request on **January 10, 2023**, which Ms. Garabedian understood was recorded for

training and quality purposes, and confirmed she wanted to spread the alleged

escrow shortage out over 24 months.

44.     On or about **January 13, 2023**, Ms. Garabedian received a letter from FMC. The

letter claimed that FMC had not received Ms. Garabedian's $859.51 payment,

which was due on **January 1, 2023**, although she had made a payment of

$1,138.50 on that date. The letter also said Ms. Garabedian's mortgage loan was

now past due and FMC would assess a $10.36 late charge if FMC didn't receive

her $859.51 payment by the end of the applicable grace period. The letter also

provided Ms. Garabedian with information on how to obtain payment assistance

or connect to HUD – approved mortgage counseling.

45.     On that same date, Ms. Garabedian received a **second letter** from FMC. This

letter said FMC received Ms. Garabedian's $1,138.50 payment (the amount Mark

told Ms. Garabedian on **December 31, 2022** she could pay). However, the funds

were being placed in a "suspense account" because the payment was insufficient

to cover the $1,477.09 total monthly payment FMC told Ms. Garabedian she

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

would owe in its **November 16, 2022** letter to her. FMC instructed Ms.

Garabedian to pay the $338.59 shortfall to get the $1,138.50 she already paid

released.

46.     On **February 1, 2023**, Ms. Garabedian received a letter from FMC, which told her

that her **January 1, 2023** payment hadn't been received and her loan was thirty –

one (31) days past due. The letter also provided her with a Single Point of

Contact (*i.e.*, SPOC) for debt collection with "Loss Mitigation Options and

Eligibility Requirements" attached.

47.     On **February 2, 2023**, Ms. Garabedian prepared and sent an e – mail to FMC in

response to its **February 1, 2023** letter. She confirmed in this e – mail that she

wanted to spread her alleged escrow shortage out by 24 months to bring her

payment to $978.59.

48.     On that same date, Ms. Garabedian received a letter from FMC, which told her

that her mortgage loan was now 2 payments past due, that she needed to pay

$2,192.62 to bring her account current.

49.     On **February 2, 2023**, at approximately 10:15 a.m., Ms. Garabedian telephoned

FMC and spoke with a representative identified only as Yvette (sic), Badge No.

8852. Upon information and belief, on a telephone call Ms. Garabedian

understood was recorded for training and quality purposes, Yvette told Ms.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

Garabedian she was not delinquent on her payments and that the $1,138.50 Ms. Garabedian previously paid hadn't yet been applied to her account.

50.  On that same date, Ms. Garabedian received an e – mail from FMC telling her that her account was in fact delinquent.

51.  On **February 3, 2023**, Ms. Garabedian received a letter dated **February 1, 2023**, which said the alleged escrow shortage amount was $2,475.97, the difference between a - $1,780.81 projected minimum balance and a required minimum balance of $695.16.

52.  However, that same letter also shows 2023 actual activity of $4,179.98, including the Homeowner's Insurance, School Tax, and Town Tax, plus an alleged escrow shortage of $2,475.95. The alleged escrow shortage was spread out over twenty – three (23) months, not 24 months, making the new total monthly mortgage payment $973.70, effective **February 1, 2023**. The letter says nothing about the $1,138.50 Ms. Garabedian paid to FMC on **January 1, 2023**.

53.  On **February 6, 2023**, Ms. Garabedian received an e – mail from FMC, which told her it had approved her request to spread out the alleged escrow shortage over 24 months, effective **February 2, 2023**, resulting in a $973.70 total monthly mortgage payment.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

54.    On **February 21, 2023**, Ms. Garabedian prepared and sent an e – mail to FMC asking to be released from paying her property taxes and insurance through FMC because of FMC's failure to timely pay her property taxes and insurance, erroneously creating an escrow shortage, inflating her school tax obligation, and causing FMC to report her to at least one (1) credit reporting agency as paying late on her account.

55.    On **February 23, 2023**, Ms. Garabedian received an e – mail from FMC responding to her **February 21, 2023** e – mail; the e – mail told her FMC had to research the issue and was working diligently to respond to Ms. Garabedian's request. FMC represented to Ms. Garabedian it would send her an answer by secure message on or before **March 1, 2023**.

56.    On **March 1, 2023**, Ms. Garabedian received an e – mail from FMC responding to her **February 21, 2023** e – mail.

57.    FMC denied Ms. Garabedian's request to be released from paying her property taxes and insurance through FMC because it required a complete six (6) – month payment history to grant such a request, but that according to an analysis done on **November 16, 2022**, Ms. Garabedian's escrow balance reflected a deficiency. FMC attached to the e – mail a copy of her payment history and mortgage statements. FMC also claimed to have contacted Ms. Garabedian on **January 30,**

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

**2023**, **January 23, 2023**, **January 18, 2023**, and **April 22, 2022**. FMC also rejected Ms. Garabedian's dispute of how it was reporting her payment history to the credit reporting agencies because according to FMC, the information it had about her payment history was true and correct, and therefore, could not be removed, suggesting FMC had not properly investigated Ms. Garabedian's dispute.

58.    On **March 2, 2023**, Ms. Garabedian prepared and sent an e – mail to FMC notifying it that she was "invoking RESPA" and would be contacting an attorney.

59.    On **March 6, 2023**, Ms. Garabedian received an e – mail from FMC, which said her credit reporting dispute had been "escalated to the appropriate department for review. Additional research is required, and we are working diligently to respond. Our research should be completed by **April 3, 2023**."

60.    On **March 7, 2023**, Ms. Garabedian prepared and sent an e – mail to FMC in response to its **March 6, 2023** e – mail reminding FMC that she had been told different things by FMC, that FMC was refusing to change how it reported her payment history to the credit reporting agencies, and that she still intended to pursue legal action against FMC.

61.    On **March 22, 2023**, Ms. Garabedian received an e – mail from FMC, which acknowledged receipt of her **March 2, 2023** and **March 6, 2023** e – mails. The e –

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

mail further informed her that FMC had removed any derogatory reporting to credit reporting agencies and updated her loan payment history to show as current from **January 1, 2023**.

62.     As a direct and proximate result of FMC's unfair, knowingly incomplete, unconscionable, or recklessly indifferent conduct discussed above, Ms. Garabedian now has a negative payment history recorded with at least one (1) of the credit reporting agencies, which casts her in a negative, false light with potential creditors, employers, and in the community. She is entitled to recover these credit damages and losses to her reputation asserted under RESPA and Regulation X, TILA and Regulation Z, the FDCPA, GBL § 349, and the CFA.

63.     As a direct and proximate result of FMC's unfair, knowingly incomplete, unconscionable, or recklessly indifferent conduct discussed above, Ms. Garabedian has suffered at least the following non – economic, emotional distress damages and losses:

a.      Anger;

b.      Exacerbation of a pre – existing anxiety diagnosis;

c.      Appetite loss;

d.      Chronic pain, such as increased back and joint pain from autoimmune diseases;

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

e.      Chronic fatigue;

f.      Concentration loss;

g.      Exacerbation of a pre – existing depression diagnosis;

h.      Disbelief;

i.      "Empty" moods;

j.      Frustration;

k.      Helplessness;

l.      Humiliation;

m.      Insomnia;

n.      Irritability;

o.      Increased medical expenses;

p.      Muscle spasms;

q.      Nervousness;

r.      Nightmares;

s.      Panic attacks;

t.      Pessimism;

u.      Sadness;

v.      Stomach pain; and

w.      Worry.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

64.     FMC has a pattern and practice of similar conduct toward other FMC borrowers[1]

and therefore, Ms. Garabedian is entitled to recover statutory damages under

RESPA, TILA, FDCPA, GBL § 349, and the CFA, based on her own experiences

and those others like here. Examples of such pattern and practice involving New

York State homeowners include, in reverse chronological order:

a.      On **October 19, 2023**, a homeowner filed a complaint with the Consumer

Financial Protection Bureau (CFPB) against FMC alleging its employees

mishandled the homeowner's mortgage loan modification application,

including but not limited to making the homeowner submit multiple

applications and copies of the same documents, then commencing

foreclosure proceedings (CFPB Complaint No. 7719788);

b.      On **September 26, 2023**, a different homeowner filed a CFPB complaint

against FMC alleging that FMC incorrectly overdrew the homeowner's

bank account by double the regular monthly payment, then claimed the

homeowner was in default on their mortgage, and commenced

foreclosure proceedings against the homeowner (CFPB Complaint No.

7609523);

---

[1] Since **December 1, 2011**, the Consumer Financial Protection Bureau (CFPB) has received 3,744 complaints about FMC's mortgage loan servicing practices, according to the CFPB's Consumer Complaint Database, available at www.consumerfinance.gov, last visited on **December 19, 2023**.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

c.      On **January 27, 2023**, yet a different homeowner filed a CFPB complaint

against FMC alleging that, similar to Ms. Garabedian, FMC claimed the

homeowner had an over $7,000.00 escrow shortage, causing the

homeowner's mortgage payment to increase by $1,000.00, incorrectly

servicing the homeowner's county and school tax obligations (CFPB

Complaint No. 6494998;

d.      On **January 24, 2023**, a different homeowner filed a CFPB complaint

against FMC alleging that, similar to Ms. Garabedian, FMC took over

servicing the homeowner's mortgage then miscalculated the escrow for

the current mortgage year by $4,000.00 against the homeowner, and rather

than fixing the issue, FMC suggested the homeowner contact the U.S.

Department of Housing & Urban Development (HUD) (CFPB Complaint

No. 6474423);

e.      On **December 27, 2022**, yet a different homeowner filed a CFPB complaint

against FMC alleging that, similar to Ms. Garabedian, FMC claimed the

homeowner had a $7,200.00 escrow shortage, causing a $570.00 increase in

the escrow portion of the homeowner's monthly payment; when the

homeowner confronted FMC about the issue, FMC couldn't account for

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

$7,000.00 of the homeowner's escrow payments (CFPB Complaint No. 6368432); and

f.   Over three thousand (3,000) similar complaints by homeowners against Defendant FMC since the CFPB set up its database over ten (10) years ago.

65.   As a direct and proximate result of FMC's unfair, knowingly incomplete, unconscionable, or recklessly indifferent conduct discussed herein, Ms. Garabedian is also entitled to actual damages for injury, harm, or loss sustained with or without accompanying physical injury under GBL § 349, the CFA, and similar losses under other claims brought against FMC herein.

66.   {Paragraphs covering the facts specifically involved in this dispute, broken down by topics, if appropriate}.

## CAUSES OF ACTION

### Count 1 – RESPA (Real Estate Settlement Procedures Act), 12 U.S.C.A. § 2605 & REGULATION X

67.   Ms. Garabedian restates and realleges the paragraphs set forth *supra*, and incorporate them by reference, as if set forth fully herein.

68.   Ms. Garabedian's mortgage loan is a federally related mortgage loan incurred for personal, family, or personal purposes to purchase Plaintiff's residence.

69.   FMC is the servicer of Ms. Garabedian's loan.

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

70.    Each of Ms. Garabedian's written requests for information about her account and to correct FMC's errors in servicing her account were "qualified written requests" under RESPA.

71.    FMC failed to respond in a timely and proper way to Ms. Garabedian's qualified written requests for information about, and corrections to, her mortgage account, in violation of 12 U.S.C. § 2605(e).

72.    FMC failed to correct Ms. Garabedian's account in violation of 12 U.S.C. §2605(e)(2) and 24 C.F.R. §3500.21(e)(3) (1996).

73.    FMC reported to at least one (1) credit reporting agency that Ms. Garabedian was overdue and delinquent, in violation of U.S.C. §2605(e)(4)(i).

74.    FMC failed to conduct an appropriate investigation after receiving qualified written request letters from Ms. Garabedian, in violation of 12 U.S.C. §2605(e) (2).

75.    FMC finally responded in a proper way to Ms. Garabedian's qualified written requests for information about, and corrections to, her mortgage account, only after she finally threatened to retain counsel, ostensibly to commence legal action against FMC.

76.    Ms. Garabedian seeks actual damages because of FMC's failure to comply with RESPA.

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

77.     Ms. Garabedian also seeks $2,000.00 in statutory damages under RESPA for

FMC's pattern and practice of noncompliance.


**WHEREFORE**, Ms. Garabedian prays for the following relief:

a)      Actual damages to be determined at a jury trial;

b)      Statutory damages to be determined at a jury trial;

c)      Attorney's fees and costs; and

d)      Such other relief as this Court deems just and proper.

### Count 2 – FDCPA (Fair Debt Collection Practices Act)
### 15 U.S.C. § 1692 *et seq.*

78.     Ms. Garabedian restates and realleges the paragraphs set forth *supra*, and

incorporate them by reference, as if set forth fully herein.

79.     FMC was a debt collector within the meaning of the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692a when it became the servicing agent for

Ms. Garabedian's residential mortgage loan, because FMC was collecting a debt

for another party, and further alleged Ms. Garabedian was deficient in her

escrow payments despite her having paid into her escrow account before FMC

began making that claim.

80.     FMC violated the FDCPA, 15 U.S.C. § 1692f, by using unfair and unconscionable

means to collect the debt owed by Ms. Garabedian, including the collecting and

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

attempting to collect of interest and other charges, fees and expenses not owed by Ms. Garabedian under either the original Mortgage Agreement with Ballston Spa National Bank or under the subsequent Mortgage Agreement with Home Point Financial Corporation, or otherwise legally chargeable to Ms. Garabedian, as more fully set forth above.

81. FMC violated the FDCPA, 15 U.S.C. § 1692e(2), by misrepresenting the character, amount and legal status of the Ms. Garabedian's debt.

82. Each of the communications described above incorrectly stated the amount and status of Ms. Garabedian's debt.

83. FMC failed to provide verification of the alleged debt to Ms. Garabedian in response to her timely written request for such verification.

84. Ms. Garabedian is entitled to actual and statutory damages under 15 U.S.C. § 1692k.

**WHEREFORE**, Ms. Garabedian prays for the following relief:

a)    Actual damages to be determined at a jury trial;

b)    Statutory damages to be determined at a jury trial;

c)    Attorney's fees and costs; and

d)    Such other relief as this Court deems just and proper.

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT:  (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

## Count 3 – BREACH OF GOOD FAITH & FAIR DEALING

85.     Ms. Garabedian restates and realleges the paragraphs set forth *supra*, and

incorporate them by reference, as if set forth fully herein.

86.     FMC's contract with Ms. Garabedian, like all other New York State contracts,

contained an implied covenant to deal with Ms. Garabedian in good faith and to

deal with her fairly.

87.     Upon information and belief, FMC exercised its contractual right to insist Ms.

Garabedian make escrow payments directly to FMC, which FMC would then

distribute to pay for taxes and insurance.

88.     Upon information and belief, FMC exercised this contractual right as part of a

scheme to realize gains from its contract with Ms. Garabedian that FMC either

wasn't entitled to, by charging her additional escrow fees that she didn't owe if

FMC had properly applied and distributed what she had paid already, or

deprived Ms. Garabedian of the benefit of her bargain, which was the proper

servicing of the escrow account portion of her residential mortgage obligation.


**WHEREFORE**, Ms. Garabedian prays for the following relief:

a)      Actual damages to be determined at a jury trial;

b)      Attorney's fees and costs; and

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

c)      Such other relief as this Court deems just and proper.

## Count 4 – NYS CONSUMER PROTECTION ACT
### General Business Law §§ 349 & 349 – c

89.     Ms. Garabedian restates and realleges the paragraphs set forth *supra*, and incorporate them by reference, as if set forth fully herein.

90.     FMC conducts trade and commerce in New York and elsewhere within the meaning of GBL § 349 at all relevant times material to Ms. Garabedian's claims.

91.     FMC is engaged in, among other things, the purchase or acquisition of residential mortgage loans on the secondary market from other mortgage lenders and servicers, and then servicing those loans, including debt collection, for borrowers such as Ms. Garabedian.

92.     Upon information and belief, Defendant FMC dealt with Ms. Garabedian as they would have with any customer paying off a residential mortgage loan FMC bought from a mortgage lender or servicer.

93.     Upon information and belief, Defendant FMC services the loan and provides related services for that loan to Ms. Garabedian with standard documents presented to any customer upon an assignment of that customer's loan from a selling mortgage lender or servicer.

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

94.     Upon information and belief, the servicing of residential mortgage loans is not

unique to FMC and Ms. Garabedian, was not private in nature, or a "single shot

transaction."

95.     Defendant FMC's conduct had or potentially had an impact on consumers at

large by misrepresenting the quality of mortgage loan servicing to the consumer

public to get them to continue servicing their residential mortgage loans with

FMC rather than refinance those loans with another lender or servicer;

Defendant FMC's conduct had an impact on consumers at large by

misrepresenting, as part of a continuing pattern and practice it engages in not

only with Ms. Garabedian, but also other New York State consumers, they had

an obligation to pay additional money to make up alleged escrow payment

shortages when FMC could have taken other steps to prevent or to alleviate the

consumers' financial difficulties.

96.     Defendant FMC committed 1 or more of the following unfair or deceptive acts or

practices, which remain uncured, including, but not limited to:

a.      Violating its obligations under the Real Estate Settlement Procedures Act

(RESPA) to Ms. Garabedian, as described elsewhere in this pleading;

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT:  (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

b.      Breaching its implied covenant of good faith and fair dealing with Ms.

Garabedian to provide mortgage servicing of her residential mortgage

loan as described elsewhere in this pleading;


**WHEREFORE**, Ms. Garabedian prays for the following relief:

a)      Actual damages to be determined at a jury trial;

b)      Treble damages under GBL § 349(h);

c)      Reasonable attorney's fees and costs under GBL § 349(h);

d)      Pre-judgment and post-judgment Interest; and

e)      Such other relief as this Court deems just and proper.

### Count 5 – New Jersey Consumer Fraud Act

97.    Ms. Garabedian restates and realleges the paragraphs set forth *supra*, and

incorporate them by reference, as if set forth fully herein.

98.    FMC's performance of the mortgage is subject to the New Jersey Consumer

Fraud Act (*i.e.*, CFA) and its implementing regulations.

99.    FMC is subject to the CFJ, N.J.S.A. 56:8-1 *et seq.* and its implementing regulations.

100.   The CFA prohibits use of "any unconscionable commercial practice, deception,

fraud, false pretense, false promise, misrepresentation, or the knowing,

concealment, suppression, or omission of any material fact with intent that others

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person[.]" N.J.S.A. 56:8-2.

101. FMC engaged in conduct violating N.J.S.A. 56:8-2 in performing its contractual duties.

102. Ms. Garabedian suffered ascertainable losses because of FMC's unlawful conduct as described elsewhere in this pleading.

**WHEREFORE**, Ms. Garabedian prays for the following relief:

a)      Actual damages to be determined at a jury trial;

b)      Treble damages under N.J.S.A. 56:8-19;

c)      Reasonable attorney's fees and costs under N.J.S.A. 56:8-19;

d)      Pre-judgment and post-judgment Interest; and

e)      Such other relief as this Court deems just and proper.

### Count 6 – CONVERSION

103. Ms. Garabedian restates and realleges the paragraphs set forth *supra*, and incorporate them by reference, as if set forth fully herein.

104. FMC intentionally and without authority exercised control over Ms. Garabedian's funds paid into her escrow account, which FMC then failed to

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

apply properly to her taxes and insurance obligations, and then demanded

additional funds for the same purpose, interfering with her right to possession of

those funds.

**WHEREFORE**, Ms. Garabedian prays for the following relief:

a)    Actual damages to be determined at a jury trial; and

b)    Such other relief as this Court deems just and proper.

### JURY TRIAL DEMANDED AND PRAYER FOR RELIEF FOR ALL COUNTS

For the reasons set forth above, Mary Garabedian respectfully demands a jury

trial on all issues so triable.

Dated:        December 26, 2023              Respectfully Submitted,

**DOMBROW LAW FIRM**,
as Plaintiff's Counsel

/s/ *Russell W. Dombrow*

Russell W. Dombrow, Esq.
NDNY Bar Roll No. 516948
N.Y.S. Atty. Reg. No. 4847661
**DOMBROW LAW FIRM**
499 South Warren Street, Suite 405
Syracuse, New York 13202 – 2628
Telephone:    (315) 409 – 7709
Facsimile:     (315) 409 – 7705
Russell@DombrowLawFirm.com

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2628
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM